## Yon vs. Blanchard, surviving partner.

1. There were two persons of the name of John Yon, both residing in Calhoun county, Florida, both of whom sent consignments of cotton to a certain factor at Columbus, Georgia. One of these persons was a colored man, residing near Ocheesee and Blount's Town, and all of his consignments were sent from those points and Adkins' landing; all his letters to the factors were mailed from Blount's Town and Ocheesee, and in the course of their dealings, all remittances to him were sent by steamer to those places. The other person of the same name was a white man, who lived near Iola, eighty miles below Ocheesee, on the Apalachicola river. The factor did not know that there were two persons of the same name, but supposed there was only one. The plaintiff wrote to the factor from Ocheesee to close out his assignment and send him an account of sales. The factor closed out the consignments and forwarded the

---

amount due both John Yons, by steamer, to John Yon, Iola, Florida. The steamer was lost before reaching either Ocheesee or Iola. The factor advised John Yon, of Ocheesee, of the loss of the boat and money, and at the same time suggested that the owners of the boat were liable to him, and that he (the factor) would assist him in getting the money from them. He made a demand on the owners of the boat for payment, and upon its refusal, brought suit against the factor. The evidence was not conflicting. A verdict was rendered for the plaintiff, and a new trial was granted:

*Held,* that this was error. The facts demanded the verdict. There being no express authority to remit the money by boat, it could be implied from the usual course of dealings between the parties; but the factor was bound to follow the course of such dealings, and to make the remittance to the plaintiff as usual. When, instead, he sent the money to another person at a different place, the remittance was without authority, and the loss fell upon him.

2. There was no acquiescence or ratification on the part of the plaintiff which destroyed his right against the defendant. Acquiescence goes for nothing, so long as a man continues in the same situation he was in at the date of the transaction.

November 17, 1885.

Debtor and Creditor. Factors. Carriers. Payment. Principal and Agent. Acquiescence. Before Judge WILLIS. Muscogee Superior Court. May Term, 1885.

Reported in the decision.

McNEILL & LEVY, for plaintiff in error.

PEABODY, BRANNON & BATTLE; W. A. LITTLE, for defendant.

BLANDFORD, Justice.

The plaintiff brought his action to recover of defendant as factor and warehouseman what was due him on account of certain consignments which plaintiff had made to defendant. The defendant pleaded payment. On the trial of the case, it was not contested that, if the account had not been paid, the same was correct as sued on. It was shown that

plaintiff was a colored man, residing in Calhoun county, Florida, near Ocheesee and Blount's Town; that all consignments to defendant by plaintiff were made from those places and Adkins' landing, and all letters which were written by plaintiff to defendant were mailed from Ocheesee and Blount's Town; that in the course of dealings between the parties, all remittances by defendant to plaintiff were by steamer to those places. It further appeared that there was another person, named John Yon, living near Iola, in Calhoun county, Florida, who was white; that he had likewise made consignments to defendant, and that the defendant did not know that there were two persons by the name of John Yon in Calhoun county, Florida, but supposed that there was but one person of that name. Sometime, about the first of April, 1883, plaintiff instructed defendant to close out his consignment and send him an account of sales. This letter was mailed from Ocheesee. Iola is eighty miles below Ocheesee, on the Apalachicola river. The defendant closed out the consignment, and forwarded by the steamer "Wylie" the amount due both John Yons to John Yon, Iola, Florida. The steamer was lost near Fort Gaines, on the 13th of April, and the money lost, before reaching Ocheesee or Iola. By the course of dealings between plaintiff and defendant, the defendant was authorized to make the remittance by steamer, and if the same had been sent to John Yon, at Ocheesee or Blount's Town, there would have been no difficulty in this case; but it was sent to John Yon, Iola, a different person from plaintiff. The defendant advised plaintiff of the loss of the boat and money, and at the same time suggested that the owners of the boat were liable to him, and that he would assist him in getting the money from them. The plaintiff made a demand upon the owners of the boat for payment. This was refused, and plaintiff brought his action against defendant. A verdict, upon this state of facts, was had for plaintiff. The court granted a new trial, on motion of defendant, and this

judgment is excepted to, and error assigned thereon to this court by the plaintiff.

1. There is no conflict in the evidence, and the same is substantially as set forth; then the only question is, what is the law arising upon this state of facts ? The course of deal·ing between the parties authorized the defendant to have remitted the money by steamer to the plaintiff; but he was only authorized to send the money to Ocheesee or Blount's Town, as all remittances theretofore had been sent to either of those places ; all consignments to defendants by plaintiff had been made from those places or Adkins' landing; no letter had ever been written by plaintiff, and no consignment made by him from Iola. Hence, there being no express authority given by plaintiff to defendant to remit the money by boat, and the authority being only implied from the dealings between the parties before that time, the defendant was bound to follow the course of dealings between him and plaintiff, and to make the remittance as had been before that time usual between them ; and when he remitted or sent the money to John Yon, Iola, eighty miles from the residence of plaintiff, he went out of the usual course of dealing between them, and the remittance was made without authority; and consequently the loss must fall upon defendant, the party at fault.

2. It is insisted here that the plaintiff assented to, acquiesced in, or ratified the act of defendant in sending the money as he did ; but we fail to find any assent, acquiescence or ratification on the part of the plaintiff. He made the demand on the owners of the boat for payment, but this was done at the instance of defendant; he did no act by which the defendant was injured, and he received no benefit from any one in consequence of that which was done. There is no express or implied ratification of what was done by defendant. Acquiescence goes for nothing, so long as a man continues in the same situation he was in at the date of the transaction. 17 Ves., 25 ; Coop., 201 ; 4 Beav., 401 ; Kerr, Fraud and Mistake, 301. So we conclude, from

the facts of this case, which are undisputed, that the verdict of the jury was right and demanded by the evidence, and that the court had no discretion to grant a new trial.

Judgment reversed.